JUDICIAL ARBITER GROUP, INC.                JAG Case No. 10-1477

AVB PICADILLY LLC, a Colorado Limited Liability Company
    Claimant,

v.

TURNER CONSTRUCTION COMPANY, a New York Corporation
    Respondent.

## ORDER CONCERNING CLAIMANT'S MOTION FOR MODIFICATION AND CORRECTION OF ARBITRATION AWARD

Claimant AVB PICADILLY LLC moves to modify the Arbitration Award entered on September 13, 2011, as follows:

(1) a reduction in the total award of $48,060.64 because of a computational error for COR B008 in Turner's Exhibit B;

(2) a reduction in the total award of $2,496.88 because of a computational error in the deduction of 18 days from COR S053 on Turner's Exhibit B; and

(3) a deduction in the total amount of $15,521.00 because of a clerical error in Turner's Exhibit B for deduction of concurrent delays.

### (1) Computational Error for COR B008

In response, Turner agrees that there was an error in the second line item on the first page but disagrees with AVB's calculation of the amount of the reduction. This is a complex calculation but I have carefully reviewed the alternatives and I agree with Turner that in order to correct the error, "the total amount of damages should be reduced by the sum of the improperly added amount ($24,030.32) and the correct amount of reduction for the 12 days ($16,159.68)," which totals $40,190.00. Therefore, the total amount of damages should be reduced by $40,190.00.

1


EXHIBIT 4

### (2) Computational Error for COR S053

In response Turner does not object to AVB's request of a reduction in the total award of $2,496.88 for COR S053.

### (3) Errors for Concurrent Delays

AVB requests that the Award be reduced by $15,521.00 "to account for the clerical error in Turner's Exhibit B for the deduction of concurrent delays." AVB asserts that Exhibit B lists a deduction of $39,911.00 when the correct amount should be $55,432.00 as indicated in Turner's Supplemental Response to Discovery Requests (AVB Ex. 33).

In response Turner admitted that the Supplemental Response to Discovery Requests was the amount stated by AVB. However, Turner correctly pointed out that at the hearing witness Ben Bohmann explained in detail how the delays were determined and calculated, and the evidence at the hearing supported that the correct deduction is $39,911.00, not $55,432.00. I find that the correct calculation is $39,911.00 based upon the evidence presented at the hearing, and deny the request to modify.

## CONCLUSION

The following modifications are made to the Arbitration Order entered September 13, 2011:

| | |
|---|---|
| Total Damages Awarded: | $1,182,546.85 |
| Deduction for Calculation Error in B008: | - $40,190.00 |
| Deduction for Calculation Error in S053: | - $2,496.88 |
| Deduction for Concurrent Delays: | $0.00 |
| Total modified Award = | $1,139,859.97 |

Dated: December 19, 2011

Larry J. Naves, Arbitrator
Judicial Arbiter Group, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2011, a true and correct copy of the foregoing **ORDER CONCERNING CLAIMANT'S MOTION FOR MODIFICATION AND CORRECTION OF ARBITRATION AWARD** was served via electronic mail (e-mail), addressed to the following:

Mark D. Gruskin, Esq.
Senn Visciano Canges Rosenstein, P.C.
mgruskin@sennlaw.com

William D. Byassee, Esq.
Merdith A. Kapushion, Esq.
Jackson & Kelly
dbyassee@jacksonkelly.com
makapushion@jacksonkelly.com

Leah McGirr
JUDICIAL ARBITER GROUP, INC.