JUDICIAL ARBITER GROUP, INC.                  JAG Case No. 10-1477A

AVB PICADILLY LLC, a Colorado Limited Liability Company
     Claimant,

v.

TURNER CONSTRUCTION COMPANY, a New York Corporation
     Respondent.

## ORDER CONCERNING TURNER'S ATTORNEY'S FEES

1.    Respondent Turner Construction Company requests an award of attorney's fees pursuant to C.R.S. § 13-22-221(1), AAA Rule R-45 (Construction Industry Arbitration Rules and Mediation Procedures, including Procedures for Large, Complex Construction Disputes), and Article 3.18.3 of the contract between it and Claimant AVB.

2.    Turner asserts that it incurred attorney fees in the amount of $275,963.21 in the arbitration proceeding, and incurred attorney fees in the amount of $5,184.63 in the related mechanic's lien foreclosure action filed in Arapahoe County District Court.

3.    AVB responded and objected to the following:

    a.    Any attorney's fees that were incurred for a mechanic's lien foreclosure action in the Arapahoe County District Court, Civil Action No. 2010CV593, Aggregate Industries – WCR, Inc. v. Bidness, Inc., et al. in the total amount of $5,184.63, on the ground that the arbitrator lacked jurisdiction to determine the validity and priority of Turner's mechanic's lien;

    b.    Any attorney's fees that were incurred to perfect a mechanic's lien against the Sprouts Farmers Market property and other unrelated mechanic's lien issues, in the total amount of $3,126.50, on the ground that the fees are excessive;



EXHIBIT
5

c.  Any attorney's fees related to AVB's Motion to Compel Discovery in the total amount of $3,171.25, Turner's Motion for Protective Order in the total amount of $5,301.25, and AVB's Motion to Continue the Arbitration Hearing in the total amount of $315.50;

d.  Any attorney's fees concerning warranty issues with the Sprouts store in the total amount of $590.00;

e.  Any attorney's fees arising from time incurred to research issues concerning certification of the arbitration award and appeal issues, in the total amount of $819.50, on the ground that the arbitrator lacks jurisdiction to award fees in this category; and

f.  AVB objects to Turner having two attorneys during the hearing on the grounds that using two attorneys rather than one was unreasonable, unnecessary, excessive, and duplicative.

**Legal Authority**

4.  C.R.S. § 13-22-221(1) provides:

(1) An arbitrator may award reasonable attorney fees and other reasonable expenses of arbitration if such an award is authorized by law in a civil action involving the same claim or by the agreement of the parties to the arbitration proceeding.

5.  The AAA rules, Construction Industry Arbitration Rules and Mediation Procedures, provide:

R-45. Scope of Award

(a) The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, equitable relief and specific performance of a contract.

(b) In addition to the final award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and awards. In any interim, interlocutory, or partial award, the arbitrator may assess and apportion the fees, expenses, and compensation related to such award as the arbitrator determines is appropriate.

(c) In the final award, the arbitrator shall assess fees, expenses, and compensation as provided in Sections R-52, R-53, and R-54. The arbitrator may apportion such fees, expenses, and compensation among the parties in such amounts as the arbitrator determines is appropriate.

(d) The award of the arbitrator may include:

(i) interest at such rate and from such date as the arbitrator may deem appropriate; and

(ii) an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement.

6.     Article 3.18.3 of the contract provides for an award of costs to the prevailing party as follows:

In the event of any litigation, including an arbitration proceeding, or any other alternative dispute resolution measures arising out of the execution, performance, non-performance or breach of this Agreement, the court in such litigation, or in a separate action, shall award reasonable attorney and consultant's fees, costs, and expenses incurred by the prevailing party.

7.     Article 3.18.3 broadly provides for the award of consultant fees, costs, reasonable attorney fees and expenses in "any litigation" that arises out of the execution, performance, non-performance or breach of the contract between the parties. Clearly, the costs provision is not limited to attorney and consultant fees, costs, and expenses arising only from arbitration, but confers broad jurisdiction upon the arbitrator to resolve costs disputes involving "any litigation" so long as it arises out of the execution, performance, non-performance or breach of contract.

## The mechanic's lien foreclosure action in the Arapahoe County District Court

8.     I find that the mechanic's lien foreclosure action in Arapahoe County District Court arose from the execution, performance, non-performance or breach of the contract between the parties. As the prevailing party, Article 3.18.3 entitles Turner to an award of reasonable attorney fees relating to the mechanic's lien foreclosure action, and AVB's objection on jurisdictional grounds are overruled.

9.     I note that AVB litigated its excessive lien claim in the arbitration and the arbitrator heard the mechanic's lien evidence at the hearing, and ruled on its validity.

3

10.    With respect to the mechanic's lien foreclosure action in Arapahoe County District Court I find that Turner is entitled to an award of attorney fees in the total amount of $5,184.63.

## Attorney's fees that were incurred to perfect a mechanic's lien against the Sprouts Farmers Market property

11.    I find that attorney's fees incurred by Turner to perfect a mechanic's lien against the Sprouts Farmers Market property was properly litigated in the arbitration because it was litigation arising from the execution, performance, non-performance or breach of the contract between the parties. Turner's documented the work performed, and showed that the actions were not routine but complex, involving not only the Sprouts property but the related easement interests held by the Covenant Community Church and RTD. I find that the challenged amount totaling $3,126.50 was incurred and related to the recording of the lien and the attorney fees incurred are reasonable.

## Attorney's fees related to AVB's Motion to Compel Discovery, Turner's Motion for Protective Order, and AVB's Motion to Continue the Arbitration Hearing

12.    AVB objects to awarding Turner attorney fees incurred with respect to the resolution of three motions apparently because AVB feels it prevailed on the motions. However, I agree with Turner that Turner is the prevailing party because it prevailed on the significant and substantive issues in the case, and is thus entitled to the benefits of the fee-shifting contractual provision. Thus, even if AVB was partially successful on routine discovery motions during litigation it does not operate to modify the fee shifting clause in the parties' contract. Additionally, Court procedural rules condition arbitrators and attorneys to seek protection and sanctions with respect to specific discovery motions when they are filed during litigation, where such is warranted, and the procedures and sanctions operate well to protect all parties against frivolous and objectionable practices. AVB's objection to attorney fees on the ground that it prevailed on a specific motion(s) is denied.

## Attorney's fees concerning warranty issues with the Sprouts store

13.    According to Turner in its response, the fees objected to by AVB in this category were incurred four days after the arbitration award was issued, were associated with warranty claims made by AVB, and Turner sought legal advice regarding its warranty obligations because AVB has not paid Turner. Under the circumstances, I find that the costs incurred for legal advice is recoverable as "arising out of the execution, performance, non-performance or breach of this Agreement." The objection is overruled.

## Attorney's fees arising from time incurred to research issues concerning certification of the arbitration award and appeal issues

4

14.     AVB objects to an award of attorney fees on the ground that the arbitrator lacks jurisdiction to award fees in this category. However, Turner asserts that the fees were incurred because Turner needed advise concerning post-hearing and post award legal issues that may remain in the case. I find that the broad contractual provision governing the awarding of attorney fees does confer jurisdiction upon the arbitrator to decide the matter, and that Turner is entitled to an award of attorney fees in this category because the fees were incurred and arose out of the execution, performance, non-performance or breach of the parties' contract. Further, the fees are reasonable. The objection is overruled.

**Having two attorneys during the hearing and general objection that the total amount of fees are excessive**

15.     AVB objects to Turner having two attorneys present throughout the entire arbitration as being unreasonable, unnecessary, excessive and duplicative. However, I agree with Turner that it is common in a case such as this one, that is complex, involves "roughly a half million dollar liquidated damages claim, a million dollar counterclaim, numerous issues in dispute, voluminous documentation, and multiple witnesses," for a party to use two attorneys. I note that Turner "wrote down two full days of time for the associate attorney on the case for days on which she was not directly involved in the examination of witnesses." Additionally, Turner's fees were "reduced by 2.5 % for Turner's prompt pay discount on top of Turner's negotiated, reduced rates.

16.     I find that the hourly rate charged by Turner's counsel is reasonable and comparable to the rate charged in this community.

17.     I find that Claimant's counsel's affidavit, supporting documentation, and response to the objection provide sufficient explanation and support for the requested award of attorney fees.

18.     I have considered the factors under Colo. RPC 1.5(a) in determining reasonable attorney fees.

## CONCLUSION

Turner is awarded attorney fees of $ 281,147.84.

Dated: December 19, 2011

Larry J. Naves, Arbitrator
Judicial Arbiter Group, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2011, a true and correct copy of the foregoing ***Order Concerning Turner's Attorney Fees*** was served via electronic mail (e-mail), addressed to the following:

Mark D. Gruskin, Esq.
Senn Visciano Canges Rosenstein, P.C.
mgruskin@sennlaw.com

William D. Byassee, Esq.
Merdith A. Kapushion, Esq.
Jackson & Kelly
dbyassee@jacksonkelly.com
makapushion@jacksonkelly.com

Leah McGirr
JUDICIAL ARBITER GROUP, INC.