JUDICIAL ARBITER GROUP, INC.          JAG Case No. 10-1477

AVB PICADILLY LLC, a Colorado Limited Liability Company
    Claimant,

v.

TURNER CONSTRUCTION COMPANY, a New York Corporation
    Respondent.

## ORDER CONCERNING TURNER'S BILL OF COSTS

1. Respondent Turner Construction Company requests an award of costs pursuant to C.R.S. § 13-16-122 and Article 3.18.3 of the contract between it and Claimant AVB.

2. Turner seeks and documents fees, costs, and expenses in the total amount of $60,992.73 in the following categories:

    a. Postage and Courier Service ($116.86);
    b. Long Distance Telephone ($15.60)
    c. Long Distance Telephone ($1.80 incurred in the foreclosure action);
    d. Conference Calling ($44.13);
    e. In-House Copies ($2,755.60);
    f. In-House Copies ($88.60 incurred in the foreclosure action);
    g. Out of Office Copies ($6,874.56);
    h. Court Reporter ($3,743.61);
    i. Witness Attendance at Arbitration ($3,399.73);
    j. Parking Costs for Arbitration ($20.00)
    k. Supplies for Arbitration ($274.92);
    l. Litigation Guarantee ($1,311.00);
    m. Electronic Filing Fees ($532,42 incurred in the foreclosure action);
    n. Electronic Recording ($26.00);
    o. Electronic Recording ($26.00 incurred in the foreclosure action);
    p. Expert Witness Fees ($31,852.30); and
    q. Arbitration Fees ($10,000.00).



EXHIBIT
6

3. AVB responded and objected to the following:

    a. Litigation Guarantee ($1,311.00); Electronic Filing Fees ($532.42); Electronic Recording ($26.00); and Electronic Recording ($26.00 incurred in the foreclosure action) – AVB objects to these costs on the ground that the Agreement did not confer on the arbitrator authority to determine the validity and priority of Turner's mechanic's lien.

    b. Expert Witness Fees ($31,852.30) – AVB objects to the amount of $2,001.62 claimed for witness Joseph Palumbo on the grounds that he was a lay witness and Turner is not entitled to reimbursement; AVB also objects to the amount of $3,770.00 because there is no narrative concerning the nature of the work involved or the tasks performed by Sage Consulting Group.

    c. Court Reporter ($3,743.61) – AVB objects to the amount of $1,549.71 incurred for the depositions of Turner personnel by AVB on the grounds that the depositions "were not necessary for the development of Turner's case in light of the facts known to counsel for Turner at the time the depositions were taken;" and

    d. In-House Copies ($2,755.60) – AVB objects on the ground that Turner did not provide sufficient evidence of the documents copied;

4. AVB requested an evidentiary hearing on Turner's Bill of Costs. Turner's position is that an evidentiary hearing is neither required nor necessary. I agree with Turner. An arbitrator is not required to conduct an evidentiary hearing concerning costs, and AVB's objections have not raised issues where I would be assisted in ruling by having an evidentiary hearing. The request for an evidentiary hearing is denied.

**Arbitrator's jurisdiction to award costs relating to the mechanic's lien foreclosure action in Arapahoe County District Court**

5. Article 3.18.3 of the contract provides for an award of costs to the prevailing party as follows:

    In the event of any litigation, including an arbitration proceeding, or any other alternative dispute resolution measures arising out of the execution, performance, non-performance or breach of this Agreement, the court in such litigation, or in a separate action, shall award reasonable attorney and consultant's fees, costs, and expenses incurred by the prevailing party.

6.  Article 3.18.3 broadly provides for the award of consultant fees, costs, and expenses in "any litigation" that arises out of the execution, performance, non-performance or breach of the contract between the parties. Clearly, the costs provision is not limited to fees, costs, and expenses arising only from arbitration.

7.  I find that the mechanic's lien foreclosure action in Arapahoe County District Court arose from the execution, performance or breach of the contract between the parties. As the prevailing party, I find that Article 3.18.3 entitles Turner to costs relating to the mechanic's lien foreclosure action, and AVB's objection on jurisdictional grounds are overruled.

8.  With respect to the mechanic's lien foreclosure action in Arapahoe County District Court I find that Turner is entitled to an award of fees for the Litigation Guarantee in the amount of $1,311.00; Electronic Filing Fees in the amount of $532,42; and Electronic Recording in the total amount of $52.00.

9.  Article 3.18.3 broadly provides for the award of expenses arising from any litigation arising out of the execution, performance non-performance or breach of the contract between the parties. I find that costs in the amount of $2,001.62 relating to the attendance and testimony of Mr. Palumbo at the arbitration hearing are reasonable expenses recoverable under Article 3.18.3.

10. Article 3.18.3 broadly provides for the award of expenses arising from any litigation arising out of the execution, performance, non-performance or breach of the contract between the parties. I find that the costs relating to court reporting costs in the amount of $1,549.71 associated with depositions of Turner personnel are reasonable expenses recoverable under Article 3.18.3.

11. Article 3.18.3 broadly provides for the award of expenses arising from any litigation arising out of the execution, performance, non-performance or breach of the contract between the parties. I find that the costs relating to in-house copying fees in the amount of $2,755.60 are reasonable expenses recoverable under Article 3.18.3. I agree with Turner that the number of copies is not excessive for the size of the case, the per-copy charge of ten cents is relatively low, and under all of the circumstances the disclosure concerning the nature of the copied documents is sufficient.

12. Article 3.18.3 broadly provides for the award of expenses arising from any litigation arising out of the execution, performance, non-performance or breach of the contract between the parties. I find that Turner's Response to the objection substantiated that the costs relating to the amount of $3,770.00 involved Bill Schwartzkopf and Rex Snyder of Sage Consulting and related to the claims in the

arbitration. I find that the amount of $3,770.00 is for reasonable expenses recoverable under Article 3.18.3.

13. I find that the costs objected to by AVB are reasonable and necessary and recoverable under C.R.S. § 13-16-122 and Article 3.18.3 of the contract between Turner and AVB.

## CONCLUSION

Turner is awarded its costs in the amount of $60,992.73 and said amount is entered as a judgment in favor of Turner and against AVB Picadilly, LLC.

Dated: December 19, 2011

Larry J. Naves, Arbitrator
Judicial Arbiter Group, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2011, a true and correct copy of the foregoing **TURNER'S BILL OF COSTS** was served via electronic mail (e-mail), addressed to the following:

Mark D. Gruskin, Esq.
Senn Visciano Canges Rosenstein, P.C.
mgruskin@sennlaw.com

William D. Byassee, Esq.
Merdith A. Kapushion, Esq.
Jackson & Kelly
dbyassee@jacksonkelly.com
makapushion@jacksonkelly.com

Leah McGirr
JUDICIAL ARBITER GROUP, INC.